**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Chadica Collins Percy,<br><br>　　Plaintiff<br>v.<br><br>Leland Dudek,[1]<br>Commissioner of Social Security,<br><br>　　Defendant | Case No.: 2:23-cv-02004-JAD-MDC<br><br>**Order Adopting Report and Recommendation, Granting Motion to Affirm Agency Decision, and Denying Motion to Remand**<br><br>[ECF Nos. 17, 19, 21] |

　　Plaintiff Chadica Collins Percy applied for disability insurance based on her various physical and mental impairments.[2] The Commissioner of the Social Security Administration denied her application, and an Administrative Law Judge (ALJ) upheld the agency's decision.[3] Percy now moves for reversal and remand of the ALJ's decision,[4] and the Commissioner cross moves for its affirmance.[5]

　　I referred this case to U.S. Magistrate Judge Maximiliano D. Couvillier III for findings and recommendations on the parties' motions.[6] Judge Couvillier recommends that I deny

---

[1] Leland Dudek is now the Acting Commissioner of Social Security, and under Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for Commissioner Martin O'Malley as the defendant in this suit.

[2] ECF No. 12-1 at 22.

[3] *Id.* at 6.

[4] ECF No. 17.

[5] ECF No. 19.

[6] ECF No. 21.

Percy's motions and grant the Commissioner's cross motion to affirm.[7]  Having reviewed the record de novo, I find that the agency's decision is supported by substantial evidence and is not based in legal error.  So I deny Percy's motion to remand, grant the Commissioner's cross motion to affirm, and adopt Magistrate Judge Couvillier's report and recommendation.

## Discussion

### I. The court may set aside an ALJ's determination only if it is not supported by substantial evidence or is based on legal error.

District courts review administrative decisions in social-security-disability-benefits cases under 42 U.S.C. § 405(g).[8]  That statute provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."[9]  The court may enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[10]

District courts may set the ALJ's determination aside only if the ALJ's findings are not supported by substantial evidence or the ALJ's conclusions of law were erroneous.[11]  According

---

[7] *Id.*

[8] *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

[9] 42 U.S.C. § 405(g).

[10] *Id.*

[11] *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993); *see Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("The Commissioner's decision to deny benefits will be overturned only if it is not supported by substantial evidence or is based on legal error." (cleaned up)).

to the Ninth Circuit, "substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."[12] And to evaluate whether the Commissioner's decision is supported by substantial evidence, district courts must review the record as a whole and, from it, weigh evidence that favors and detracts from the decision.[13] Under the substantial-evidence test, if the evidence could support more than one rational interpretation, "the court may not substitute its judgment for that of the ALJ"[14] because questions of credibility and resolutions of conflicting testimony are functions solely for the agency to resolve.[15]

Percy is entitled to disability benefits under the Social Security Act if she can show that (a) she "suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months," and (b) "the impairment renders [her] incapable of performing the work that [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy."[16] If Percy demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Percy can perform a significant number of jobs that exist in the national economy.[17]

---

[12] *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (cleaned up).
[13] *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).
[14] *Id.*
[15] *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).
[16] *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).
[17] *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007).

**II.    Substantial evidence supports the ALJ's determination that the medical opinion of Antoinette Orton, APRN, was unpersuasive.**

Percy objects to the magistrate judge's finding that the ALJ properly evaluated the medical opinion of APRN Antoinette Orton.[18] She contends that remand is warranted because the ALJ "mischaracterize[d] the record such that . . . the ALJ . . . rejecte[d] evidence favorable to [Percy's] claim of disability."[19] The Commissioner responds that the ALJ rationally assessed the persuasiveness of APRN Orton's opinion in determining that it was inconsistent with other medical evidence and unsupported by her own clinical findings.[20] According to the Commissioner, APRN Orton "offered no objective evidence or explanation to support" her conclusions about Percy's functional limitations.[21] The magistrate judge agreed, finding that substantial evidence supported the ALJ's assessment of the opinion's consistency.[22] But Percy argues that the magistrate judge's conclusion "fails to acknowledge much less rebut [her] assertion that the ALJ relied upon a mischaracterization of the record."[23] She also contends that the magistrate judge did not address her argument that the ALJ failed to evaluate the persuasiveness of APRN Orton's opinion.[24]

An ALJ's decision to discredit any medical opinion "must simply be supported by substantial evidence."[25] But that decision turns on "not whether there is substantial evidence that

---

[18] ECF No. 23 at 2.
[19] *Id.* at 4.
[20] ECF No. 19 at 6.
[21] *Id.*
[22] ECF No. 21 at 4.
[23] ECF No. 23 at 2.
[24] *Id.*
[25] *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding."[26]  The ALJ must address how persuasive he finds each medical opinion after considering specified factors.[27]  "The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are supportability and consistency."[28]  The ALJ must show how persuasive it finds all medical opinions from each source and explain how it considered the supportability and consistency factors in reaching their findings.[29]  Supportability is the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence."[30]  Consistency refers to the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim."[31]  If the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."[32]

        The ALJ concluded that APRN Orton's opinion lacked supportability because she failed to provide adequate objective support for some of the limitations that she identified.[33]  According to the ALJ, although APRN Orton opined that Percy experienced numerous functional limitations, she did not offer objective evidence or explanation to support the extreme restrictions.[34]  The Commissioner argues that this determination was supported by substantial

---

[26] *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

[27] *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024).

[28] *Woods*, 32 F.4th at 791–92 (citing 20 C.F.R. § 404.1520c(a)) (cleaned up).

[29] *Stiffler*, 102 F.4th at 1106 (cleaned up).

[30] 20 C.F.R. § 404.1520c(c)(1).

[31] 20 C.F.R. § 404.1520c(c)(2).

[32] *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

[33] ECF No. 19 at 6.

[34] ECF No. 12-1 at 1249–50.

evidence, pointing to the ALJ's consideration of unsupported and inconsistent conclusions made by APRN Orton.[35]  APRN Orton found Percy "neurologically intact with normal motor strength and sensation" but also opined that Percy could only "sit, stand, and walk for just four hours out of eight . . . never lift even ten pounds . . . [and could] use her hands, fingers, and arms for just 50% of the workday."[36]  Given the contradictory nature of those statements, I find that the ALJ reasonably concluded that APRN Orton's conclusions lacked supportability.

The ALJ also concluded that APRN Orton's opinion was "not consistent with the evidence from other sources."[37]  APRN Orton concluded that Percy experienced limitations in standing, lifting, and using limbs, and that these limitations would constantly interfere with her attention and concentration.[38]  But that evaluation is inconsistent with an objective evaluation that took place one month later.[39]  The latter examination showed that Percy had some tenderness and reduced range of motion, but she was otherwise normal from a muscular and neurological standpoint and had no difficulty walking.[40]  When a medical opinion is not consistent with other evidence, the opinion is less persuasive.[41]  So when the evidence supports more than one rational interpretation, I must defer to the Commissioner's interpretation.[42]  I therefore find that the ALJ's conclusion that APRN Orton's opinion is unpersuasive is supported by substantial evidence.

---

[35] ECF No. 19 at 5–6.

[36] ECF No. 12-1 at 1249–50.

[37] *Id.* at 36.

[38] *Id.* at 1249–50.

[39] *Id.* at 1325–27.

[40] *Id.* at 1326.

[41] 20 C.F.R. § 404.1520c(c)(2).

[42] *Burch*, 400 F.3d at 679.

### III. Substantial evidence supports the ALJ's step-two findings on Percy's mental impairments and considerations for any related limitations in assessing her residual functional capacity.

Percy also argues that the ALJ erred in determining that she did not have a severe mental impairment because she has "severe and persistent mental health illness . . . despite treatment with therapy and medication."[43] She contends that the ALJ erred by failing to account for her mental limitations when determining her residual functional capacity (RFC), arguing that her mild mental limitations may lead to future functional limitations.[44] The Commissioner responds that the ALJ properly evaluated Percy's mental impairments when determining her RFC because several medical sources determined that her mental impairments caused no functional limitations.[45]

Disability claims are assessed using a five-step analysis.[46] If the claimant is currently not engaged in substantial gainful activity, then the ALJ proceeds to step two of the analysis.[47] Step two addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits her ability to perform basic work activities.[48] This threshold step is "meant to screen out weak claims"; it is "not meant to identify the impairments that should be taken into account when determining the RFC."[49] An ALJ may find a medically determinable impairment or combination of impairments non-severe "only if the

---

[43] ECF No. 17 at 16.
[44] *Id.*
[45] ECF No. 24 at 3.
[46] *Burch*, 400 F.3d at 679 (citing 20 C.F.R § 404.1520).
[47] *Id.*
[48] 20 C.F.R. § 404.1520(c).
[49] *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) (citation omitted).

evidence establishes a slight abnormality that has no more than a minimal effect on an individual's [physical or mental] ability to work."[50]  Any error in the ALJ's finding at step two is harmless if all impairments, both severe and non-severe, are considered when determining the plaintiff's RFC.[51]  Otherwise, "an RFC that fails to take into account a claimant's limitations is defective."[52]

Here, the ALJ determined at step two that Percy had several severe physical impairments and non-severe mental impairments.[53]  In making this determination, the ALJ evaluated Percy's medical records, including findings from Kelly O'Neill, Ph.D., and Ana Olivares, Psy.D., about the extent of Percy's mental impairments.[54]  And the ALJ determined that Percy's mental impairments—when assessed across four broad functional categories—did not cause more than a minimal limitation on her ability to perform basic mental-work activities, so they were non-severe.[55]

But an ALJ's failure to consider an impairment at step two does not prejudice the claimant if there are other severe impairments that allow the ALJ to proceed to subsequent steps.[56]  And despite finding that Percy's mental impairments were non-severe, the ALJ decided step two in Percy's favor, finding that she had severe physical impairments.[57]  So the ALJ's

---

[50] *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (cleaned up).

[51] *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

[52] *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

[53] ECF No. 12-1 at 21.

[54] *Id.* at 36–38.

[55] *Id.* at 22.

[56] *Buck*, 869 F.3d at 1049; *see also Koch v. Berryhill*, 720 F. App'x. 361, 364 (9th Cir. 2017) (unpublished) (citing *Burch* 400 F.3d at 682–84).

[57] ECF No. 12-1 at 26.

determination that her mental impairments were non-severe did not cause Percy any prejudice. Percy also contends that the ALJ erred by failing to account for her non-severe mental limitations when determining her RFC.  But Percy has not shown that the ALJ's determination that his finding of a non-severe mental impairment at step two didn't cause any specific functional limitations was erroneous.  She merely says that the mild limitations found at step two "can lead to functional limitations that must be included in the RFC."[58]  There is no indication that the ALJ misunderstood the nature and severity of Percy's impairments when determining Percy's RFC,[59] so I find that the ALJ's determination is supported by substantial evidence and is not based in legal error.

## Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 21] is ADOPTED**, the plaintiff's motion to remand **[ECF No. 17] is DENIED**, and the Commissioner's cross-motion to affirm **[ECF No. 19] is GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **SUBSTITUTE** Acting Commissioner Leland Dudek for Martin O'Malley as a defendant under Fed. R. Civ. P. 25(d), **ENTER JUDGMENT** for the Commissioner, and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
May 1, 2025

---

[58] ECF No. 23 at 5.

[59] *Id.* at 21, 32–34.